```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

DOLORES P. FANTON,

              Plaintiff,          09-CV-6586T

v.                                        **DECISION**
                                        **And ORDER**

MICHAEL ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,
              Defendant.

_____

## Introduction

Plaintiff, Dolores P. Fanton ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a final decision by the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). Plaintiff applied for DIB under Title II of the Social Security Act ("the Act") for a period of disability and disability insurance benefits alleging disability beginning February 5, 1988. Plaintiff moves for judgment on the pleadings alleging that the decision of the Administrative Law Judge, Mark Hecht ("ALJ"), that the Plaintiff was not disabled within the meaning of Act, was not supported by substantial evidence in the record. The Plaintiff asserts that, for the aforementioned reasons, the ALJ's decisions should be reversed.

The Commissioner moves for judgment on the pleadings claiming that the decision of the ALJ is supported by substantial evidence and should be affirmed. After reviewing the entire record, this Court finds that the decision of the Commissioner is supported by substantial evidence in the record. Therefore, for the reasons set forth below, the Commissioner's motion for judgement on the pleadings is granted, and the Plaintiff's motion is denied.

## Background

On January 14, 2005, Plaintiff applied for DIB alleging disability due to a back condition. Plaintiff, born June 15, 1952, is a college graduate, and previously worked as a pharmacist. On February 5, 1988, Plaintiff sustained an injury to her back while working as a pharmacist and subsequently filed a Workers' Compensation case. Plaintiff was awarded Worker's Compensation benefits for her injury. On October 6, 1998, Plaintiff resumed working as a pharmacist and continued in that position until April 6, 1999. Plaintiff's application for DIB was denied initially on April 28, 2005, and upon reconsideration on February 14, 2006. Plaintiff timely filed a request for a hearing before an ALJ, and she appeared, with counsel, before ALJ Mark Hecht on August 7, 2008. In a decision dated September 17, 2008, the ALJ found that Plaintiff was not disabled within the meaning of the Act. This decision became final when the Appeals Council denied review on September 25, 2009. Plaintiff then filed this action seeking review of the Commissioner's decision. The issue is whether the claimant is disabled under § 216 (i) and § 223(d) of the Act.

## Discussion

I. <u>Jurisdiction and Scope of Review</u>

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. <u>Matthews v. Eldridge</u>, 424 U.S. 319, 320 (1976). When considering such a claim, the court must accept the findings of fact made by

the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings are supported by substantial evidence. See Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo).

While the court must act as "more than an uncritical rubber stamp," it must not "decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the [Commissioner]." Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir. 1986); Sitarek v. Shalala, 92-CV-641S, 1994 U.S. Dist. LEXIS 5851 (W.D.N.Y. April 21, 1994). The Commissioner's findings are not subject to reversal merely because two inconsistent conclusions could be drawn from the evidence, so long as his particular finding is supported by substantial evidence. See, e.g., NLRB v. Columbian Enameling & Stamping Co., 306 U.S. 292, 299-300 (1939); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)("where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary").

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex.1983) (citation omitted). The Commissioner contends that his decision was

3

reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

II. <u>There is Substantial Evidence in the Record to Support the Commissioner's Decision that the Plaintiff was not Disabled Within the Meaning of the Act.</u>

The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months..." 42 U.S.C. § 423(d)(1)(A). An individual will only be considered "under a disability" if his impairment is so severe that he is both unable to do his previous work and unable to engage in any other kind of substantial gainful work that exists in the national economy. §§ 423(d)(2)(A).

In his decision, the ALJ followed the required five-step analysis for evaluating disability claims. (Transcript 15-21)

(hereinafter "Tr."). The five-step analysis requires the ALJ to consider the following:

(1) Whether the claimant is currently engaged in substantial gainful activity ("SGA");

(2) if not, whether the claimant has a severe impairment which significantly limits her physical or mental ability to do basic work activities;

(3) if the claimant suffers a severe impairment, the ALJ considers whether the claimant has an impairment which is listed in Appendix 1, Subpart P, Regulation No. 4, if so, the claimant is presumed disabled;

(4) if not, the ALJ considers whether the impairment prevents the claimant from doing past relevant work;

(5) if the claimant's impairments prevent her from doing past relevant work, if other work exists in significant numbers in the national economy that accommodate the claimant's residual functional capacity ("RFC") and vocational factors, the claimant is not disabled.

20 C.F.R. §§ 404.1520(a)(4)(I)-(v) and 416.920(a)(4)(I)-(v).

Here, the ALJ found that (1) the Plaintiff last met the insured status requirements of the Act on December 31, 1994 and that she did not engage in SGA from February 5, 1988 through October 5, 1998;[1] (2) the Plaintiff has the following severe

---

[1] The ALJ correctly determined that Plaintiff's temporary job assignment from October 6, 1998 through April 6, 1999 cannot be considered an unsuccessful work attempt because it represented a period of more than six months and was not discontinued because of her impairment. SSR 05-02.

5

impairments: lumbago and radiculitis/neuritis (3) these impairments either singularly or combined do not meet or medically equal one of the listed impairments listed in section 1.04 of Appendix 1, Subpart P of Regulations No. 4 for spinal disorders; (4) the Plaintiff cannot perform her past relevant work as a pharmacist; and (5) during the relevant period, February 15, 1988 through December 31, 1994, Plaintiff retained the RFC to perform a full range of unskilled sedentary work. The ALJ found that the claimant can carry a total of 10 pounds occasionally, can sit a total of approximately 6 hours out of an 8-hour work day, can stand or walk a total of 2 hours out of an 8-hour work day, and had no significant non-exertional limitations.(Tr. at 17). The ALJ found that she was a younger individual during the relevant period as defined in the regulations (she was 35 years of age on February 5, 1988, and 42 years of age on December 31, 1994), she had a college education, and could communicate in English. (Tr. at 20). Therefore, the ALJ determined that she was not disabled within the meaning of the Act. Id.

    A.    Medical & Testimonial Evidence

In a letter dated January 22, 1990, Kenneth Law Davis, Plaintiff's chiropractor, opined that Plaintiff's spinal injury was "directly caused by [Plaintiff's] on the job accident." (Tr. at 85). He also opined that Plaintiff was disabled "with respect to her normal duties as a pharmacist." Id. Additionally, on March 14, 1990, a Workers' Compensation Board award notice classified Plaintiff as having a "permanent, partial disability." (Tr. at 96).

On May 16, 1990, Plaintiff was referred to Dr. Jaimala Thanik, a pain management specialist, for an evaluation of her back.(Tr. at 91). Plaintiff complained of back pain along with severe muscle spasms. Id. A past magnetic resonance imaging ("MRI")revealed a bulging disc at L5 S1 with minimal degenerative changes, and no significant neural foraminal encroachment. Id. Nerve conduction studies, done in 1989, did not reveal a clear radiculopathy. Id. Upon examination, Dr. Thanik noted that Plaintiff did not appear to be in acute pain, and although she had some difficulty walking on her heels, she had a normal gait. Id. An examination of her spine indicated normal lordosis with minimal muscle spasm, tenderness over the spine at L5-4 with tender facet joints at L3-5 and 5, and limited range of motion of the lumbar spine. Id. Plaintiff's S1 joints were normal, her lower extremities did not indicate any fasciculation or wasting, and straight leg raising was positive on the right, but negative on the left. Id. Patrick's test was negative bilaterally. Id. Plaintiff had normal reflexes and had no apparent sensory deficits. Dr. Thanik recommended a multidisciplinary pain program including a Transcutaneous Electrical Nerve Stimulation (TENS) unit, along with medical, psychological, and physical therapy. Id.

Plaintiff testified that during the relevant period her daily activities were limited, because she could only sit for 30 minutes at a time, and only lift a total of 15 pounds with some limitations. (Tr. at 122). However, Plaintiff admitted that she worked part-time for six months as a Pharmacist from October 1998

7

through April 1999. (Tr. at 115). Plaintiff's job duties included mainly sitting to perform intake interviews, occasional standing to dispense medication, and some walking (Tr. at 116-17). While Plaintiff claimed that she received special considerations in performing her job (Tr. at 117), her supervisor denied giving her any special considerations. (Tr. at 67).

    B.   <u>Evaluating the Credibility of Plaintiff's Statements</u>

Plaintiff argues that the ALJ did not properly consider her complaints of pain and other symptoms in making his decision. (Pl. Br. at 4-6). Specifically, Plaintiff argues that the ALJ failed to consider the dosage, effectiveness, and side effects of the medications prescribed to her; their effect on her functional limitations and daily activities; the nature and location of the pain; and the significance of the prescription of a TENS unit as well as treatment with acupuncture. (Pl. Br. at 6).

When evaluating symptoms such as pain, the ALJ must first determine if an underlying impairment exists that could reasonably be expected to produce the symptoms of which the Plaintiff complains. SSR 96-7P. Second, if the medical evidence establishes the existence of an impairment, the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which the symptoms limit the Plaintiff's ability to do work activities. <u>Id.</u> Where the Plaintiff's statements regarding the intensity, persistence, or functionally limiting effects of the pain are not supported by objective medical evidence, the ALJ will consider other factors such as such as daily

8

activities; the location, duration, frequency and intensity of the symptoms; the type, effectiveness and side effects of medication; and other treatment or measures to relieve those symptoms. See 20 C.F.R. § 416.929(c)(3); SSR 96-7p. The ALJ must also provide an explanation supporting his credibility determination. SSR 96-7P.

Here, the ALJ determined that "[t]he medical evidence confirms that the claimant sustained a low back injury" for which she was being treated conservatively. (Tr. at 19). However, the ALJ found that the "claimant's allegations about her symptoms and functional limitations ... are not fully credible," and were inconsistent with the record.(Tr. at 19-20). Specifically, the ALJ relied on the report of Dr. Thanik, Plaintiff's medical source of record during the relevant period, indicating that Plaintiff had a normal gait, had no muscle spasm of the lumbar spine, and did not appear to be in pain at the time of the examination. (Tr. at 20). He further considered the lack of medical evidence of radiculopathy, along with the fact that Plaintiff had a normal neurological examination. Id. Also, there was no muscle wasting suggesting no disuse of her lower extremities. Id. The record does not contain the MRI of Plaintiff's back nor the nerve conduction studies. (The ALJ requested these results, but Plaintiff did not submit them). However, according to Dr. Thanik, the MRI and nerve conduction studies did not reveal significant abnormalities. (Tr. at 91-92).

In addition, the ALJ noted that Plaintiff sought treatment from a chiropractor and she was prescribed pain medication. (Tr. at 19). However, "she was not prescribed very strong medications such

9

as narcotics." Id. The ALJ found this conservative treatment inconsistent with someone who suffered from the severely limiting pain alleged by the Plaintiff. Id. The ALJ further noted that Plaintiff did not report any significant problem with sitting. (Tr. at 20). Based on the above, the ALJ concluded that Plaintiff's allegations regarding the frequency and severity of her symptoms and limitations were not fully credible, and, therefore, she had the RFC to perform sedentary work. (Tr. at 19-20).

Plaintiff argues that the ALJ did not properly consider all of the factors listed in 20 C.F.R. § 416.929(c)(3). However, the ALJ did consider the relevant factors in making his decision, and provided an explanation supporting his credibility determination. This Court finds that there is substantial evidence in the record for the ALJ to conclude that the Plaintiff was not disabled within the meaning of the Act, and that her testimony regarding pain was not credible. See Forte v. Barnhart, 377 F.3d 892, 895-896 (8th Cir. 2004)(Harmless error can be found where ALJ did not explicitly discuss each relevant factor in a methodical fashion).

Although Plaintiff's pain treatment specialist recommended a multidisciplinary pain program including a TENS unit, along with medical, psychological, and physical therapy, he assessed that Plaintiff did not appear to be in pain, had a normal gait, and had normal lordosis with minimal muscle spasm (Tr. at 92).

Plaintiff's allegations that she was allergic to most pain medications are also inconsistent with the record. Except for Dr. Thanik's note that "according to the patient," "she had an

interesting and abnormal response to Motrin which caused temporary blindness" (Tr. at 91), Plaintiff's claims that she is allergic to pain medication are not corroborated by any medical evidence in the record. In fact, during the relevant time period, plaintiff was taking Doloboid and Anaprox alternatively with no noted side effects. Id. Plaintiff's testimony that her daily activities were limited is also inconsistent with the clinical findings and daily activities in the record for the relevant time period. This Court finds that the ALJ properly concluded that her allegations of pain and other symptoms were not entirely credible.

    C.   <u>The ALJ Properly Assessed Plaintiff's RFC</u>

Plaintiff next argues that the ALJ did not give proper weight to the opinion of her chiropractor, Kenneth Law-Davis, regarding her RFC. The ALJ determined that Plaintiff last met the insured status requirements of the Act on December 31, 1994. (Tr. at 15). He thus concluded that "in order to establish entitlement, the evidence must show that [Plaintiff] was under a disability no later than December 31, 1994. (Tr. at 15-16).

While a chiropractor may provide evidence to establish an impairment 20 C.F.R. § 404.1513(d)(1), the opinion of a chiropractor is not an acceptable medical source for the treating source preference and is, therefore, not entitled to controlling weight. 20. C.F.R. § 404.1527 (a)(2); <u>Diaz v. Shalala</u>, 59 F.3d 307, 313 (2d Cir. 1995). Moreover, in order to be entitled to DIB, Plaintiff must prove that she was under a disability at the time

she last met the insured status requirement under the Act. 42 U.S.C. § 423(a); 20 C.F.R. §§ 404.130 and 404.315(a).

Here, the report filed by Law-Davis is dated February 13, 1996. (Tr. at 93). This is more than one year after December 31, 1994, Plaintiff's date last insured. Also, the report did not address the period prior to December 31, 1994. Id. Thus, this Court finds that the ALJ properly determined that Plaintiff was not under a disability from February 5, 1988 through December 31, 1994 because the opinion of Dr. Law-Davis was not within the relevant time period. In addition, the report is not entitled to controlling weight because it was done in support of Plaintiff's Worker's Compensation claim. Rosada v. Shalala, 868 F. Supp. 471, 473 (E.D.N.Y. 1994).

This Court finds that the ALJ's conclusion that Plaintiff can perform sedentary work is supported by substantial evidence in the record including Plaintiff's overall daily functioning and the medical evidence in the record.

## **CONCLUSION**

For the reasons set forth above, I grant the Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
UNITED STATES DISTRICT JUDGE

DATED: January 25, 2011
      Rochester, New York